1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7   JOHN ALFRED PANZER,                    Case No.  15-cv-01655-MEJ
                Plaintiff,
8                                          ORDER GRANTING PLAINTIFF'S
        v.                                 APPLICATION TO PROCEED IN
9                                          FORMA PAUPERIS
    THE UNITED STATES DEPARTMENT
10  OF HOUSING & URBAN                     ORDER DISMISSING COMPLAINT
    DEVELOPMENT, et al.,                   WITH LEAVE TO AMEND
11
                Defendants.
12

13                          **INTRODUCTION**

14          On April 10, 2015, Plaintiff John Alfred Panzer filed a Complaint and an Application to

15  Proceed In Forma Pauperis.  For the reasons stated below, the Court GRANTS the application to

16  proceed in forma pauperis and DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.

17                          **BACKGROUND**

18          Plaintiff has filed a ninety-six page complaint against at least thirteen (but possibly more)

19  defendants, "seeking declaratory, injunctive, and compensatory relief . . . as well as exemplary

20  damages for their willful, malicious, fraudulent, grossly reckless, negligent acts, exacted on

21  [him]."  Compl. at 4, Dkt. No. 1.  He states that he brings this action "pursuant to the Fair Housing

22  Act of 1968 as amended; the Equal Protection Clause of the Fourteenth Amendment to our United

23  States Constitution; The State of California's Unruh Civil Rights Act of 1959; the Americans With

24  Disabilities Act of 1990 as amended, The Plain Language Act of 2010 as its original language and

25  added 'guidance,' suggests; and Title 42- The Public Health and Welfare Code§ 1983, 'Civil

26  action for deprivation of rights,' as well as related federal and California laws."  *Id.* at 5.

27          Plaintiff states that he is "a formerly homeless, recovering addict, living with Disabling

28  HIV," and receives Social Security disability benefits that he uses to pay his rent.  *Id.* at 19.  Since

United States District Court
Northern District of California

United States District Court
Northern District of California

1  July 2008, he has had subsidized housing at the Hillside Village Apartments in Berkeley,

2  California.  *Id.* at 22.  Plaintiff states that "[t]his complaint should be considered copy written

3  material as are the details, proceedings statements, in the past, present and future relevant to this

4  case," and he "revoke[s] the authority of any agent claiming designation to make health care

5  decisions on [his] behalf with this very statement and my signature at the end of this complaint."

6  *Id.* at 22-23.  Plaintiff also requests an accommodation under the Americans with Disabilities Act,

7  stating that "[d]ue to complications with my HIV, I occasionally have to cancel/reschedule

8  appointments very last minute." *Id.* at 25.

9       Although his allegations are not entirely clear, Plaintiff appears to raise a variety of

10  allegations in his Complaint, including the following:

11       Plaintiff appears to allege that some or all of the defendants are liable for discrimination

12  based on eviction of tenants that identify as "Black/African American," although it does not

13  appear that Plaintiff himself has been evicted.  *Id.* at 6, 15.  He alleges that one or more defendants

14  provides generous financing to developers who agree to offer 10 out of 100 newly constructed

15  units as "affordable housing," only to then evict the low income tenants.  *Id.* at 17.

16       Plaintiff also alleges that he served on the City of Berkeley's Homeless Commission,

17  during which time he raised concerns regarding the eviction of tenants, after which he was

18  "threatened, retaliated against, and then summarily fired from the Commission for doing so."  *Id.*

19  at 25.  He describes defendants' behavior as "includ[ing] civil harassment, false claims, and

20  disparate treatment in the rental lease renewal of my housing exacerbating my disability, abusing

21  my source of income, then taking issue with my behavior in response to their hostile frightening

22  harmful treatment as [he] reacted to defend [him]self."  *Id.* at 26.

23       Later in his Complaint, Plaintiff states that he applied for Medi-Cal benefits, and a nurse at

24  Berkeley Primary Care informed him that they "need the denial letter to apply for [his] ADAP

25  (Aids Drug Assistance Program) extra care coverage for [his] HIV medications."  *Id.* at 28.

26  Plaintiff alleges that a few weeks before he brought his documents, a worker "falsified

27  applications for federal benefits, in [his] name as documents will clearly demonstrate."  *Id.* at 29.

28       Plaintiff also states that he received a notice of unpaid rent, after which he began working

2

with a case manager at the Berkeley Food and Housing Project. *Id.* at 31, 33. Plaintiff appears to allege that the case manager falsely accused him of stalking a property manager. *Id.* at 33.

Plaintiff mentions a case involving investments offered by the City of Berkeley (referred to as "Davis v. City of Berkeley (1990)," and asks "this court to reverse this ridiculous decision in violation of the Public Trust." *Id.* at 37.

On several pages, Plaintiff provides summaries on a variety of topics, including the text of a 2014 City of Berkeley "Street and Integrated Watershed Improvements" bond (*id.* at 37-42); a June 10, 2014 press release from the Department of Justice regarding a Fair Housing Act and Americans with Disabilities Act case involving the city of San Jacinto, California and related information about the case (*id.* at 42-45); a July 2014 City of Berkeley Rent Stabilization Board meeting (*id.* at 46); "Project Assessed Clean Energy" and the use of solar energy in general (*id.* at 47-48); and Michael Moore's documentary, "Capitalism," and its connection to credit default swaps, the game "Monopoly," and the Troubled Asset Recovery Program (*id.* at 48-50).

Plaintiff also alleges that Comcast "ran [him] ragged" in his attempts to schedule a service appointment at his apartment. *Id.* at 50-51. Plaintiff states that he adds "Major League Baseball Extra Innings every year around February for $160.00 for the season." *Id.* at 51. He alleges that Comcast added additional charges without his knowledge, including pornographic films. *Id.* at 51. He states that the City of Berkeley is responsible for Comcast's Federal Communications Commission license and needs to assign a responsible party. *Id.*

Plaintiff includes a section in his Complaint titled "Legal Authorities & Declaration of Policies," which consists of various statutory provisions, which he has arranged in paragraphs to correspond with the sequence of paragraphs in his Complaint. *Id.* at 54-83.

In the section titled "Claims for Relief," Plaintiff list five causes of action, and all are brought "Against All Defendants": (1) Federal Fair Housing Act; (2) California Fair Employment and Housing Act; (3) California Disabled Persons Act; (4) California Unruh Civil Rights Act; and (5) Negligence. *Id.* at 84-88.

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil

United States District Court
Northern District of California

3

action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Here, Plaintiff submitted the required documentation, and it is evident from the application that the listed assets and income are insufficient to enable Plaintiff to pay the filing fees. Accordingly, the Court GRANTS the application to proceed in forma pauperis.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)**

**A.     Legal Standard**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the Court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)). As the United States Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous" when it lacks an arguable basis either in law or in fact. *Id.* at 325 (definition of "frivolous . . . embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the Court has "'the unusual power to pierce the veil of the complaint's factual

4

allegations,'" meaning that the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit . . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007).

The Court may also dismiss a complaint sua sponte under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.

**B.      Application to the Case at Bar**

Here, while it is possible that Plaintiff may have one or more viable claims against some or all of the defendants, he has failed to identify each defendant he proposes to hold liable for each claim and has failed to allege facts showing what each defendant did or failed to do in relation to each of those claims.

Furthermore, a plaintiff may properly join as many claims as he has against an opposing party in a single complaint (Fed. R. Civ. P. 18(a)), but unrelated claims against different defendants must be alleged in separate complaints. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way—that is, if there is not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

As summarized above, Plaintiff brings at least five causes of action against at least thirteen defendants, and each claim is asserted against each defendant. As alleged, these claims against multiple parties do not appear to arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Although Plaintiff brings each of his claims against all named defendants, these defendants are often linked only in a conclusory manner to his claims. Accordingly, it is not clear that the claims and defendants are properly

6

1    joined.

2         Although a Court may strike individual claims that are not properly joined, in this case, the

3    Court is unable to determine which of the claims Plaintiff may wish to keep and which he wants to

4    omit. *See* Fed. R. Civ. P. 21.  Thus, instead of dismissing certain claims and defendants, the Court

5    shall dismiss Plaintiff's Complaint in its entirety with leave to file an amended complaint.  The

6    amended complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning

7    joinder of claims and defendants.  If it does not, Plaintiff is advised that this entire action may be

8    dismissed without prejudice.

9         Additionally, while Plaintiff does directly link some individual defendants to some of his

10   claims, the allegations in the ninety-six-page Complaint are so lengthy, repetitive, and

11   unnecessarily detailed that the Court cannot readily determine all of the injuries for which each

12   defendant is allegedly liable.  In sum, even when Plaintiff's claims are liberally construed,

13   Plaintiff fails to provide adequate information for the Court to determine whether the allegations in

14   the Complaint state cognizable claims for relief with respect to each of the named defendants who

15   were allegedly responsible for his injuries.  Plaintiff also fails to provide a simple, concise,

16   narrative that sets forth all of the injuries attributed to each individual defendant.  Accordingly,

17   Plaintiff will be given leave to file an amended complaint in which he clearly links each defendant

18   to the alleged injury, or injuries, for which that defendant is alleged to be responsible.  While

19   Plaintiff must provide sufficient information to give the defendants fair notice of the nature of the

20   claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant

21   to satisfy the pleading requirements of Rule 8.  Instead, Plaintiff should provide a concise

22   statement identifying each defendant and the specific action or actions the defendant took, or

23   failed to take, that allegedly caused his injuries.

24        The Court also notes that Plaintiff often fails to identify the dates on which the alleged

25   violations occurred or how each defendant acted to cause the violations.  Plaintiff should state

26   each claim separately, setting forth what occurred and the dates on which the events occurred.  He

27   must also identify each defendant he proposes to hold liable for each claim, and allege facts

28   showing what each of those persons did or failed to do related to that claim.

United States District Court
Northern District of California

7

**CONCLUSION**

Based on the analysis above, the Court GRANTS the application to proceed in forma pauperis and DISMISSES Plaintiff's Complaint WITH LEAVE TO AMEND.  Consistent with the instructions in this Order, Plaintiff shall file any amended complaint by May 22, 2015.  <u>Failure to file an amended complaint by this deadline shall result in the dismissal of this case with prejudice.</u>  The Clerk is directed to close the file in this case if an amended complaint is not filed by May 22.

The Court advises Plaintiff that he may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available online at: http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: April 24, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN ALFRED PANZER,                        Case No.  15-cv-01655-MEJ

              Plaintiff,
8
                                                **CERTIFICATE OF SERVICE**
         v.
9
10   THE UNITED STATES DEPARTMENT
     OF HOUSING & URBAN
11   DEVELOPMENT, et al.,

              Defendants.
12

13        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.
14
15        That on 4/24/2015, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
16   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.
17

18   John Alfred Panzer
     1797 Shattuck Avenue
19   Apt #312
     Berkeley, CA 94709
20

21

22   Dated: 4/24/2015

23

24                                              Richard W. Wieking
                                                Clerk, United States District Court
25

26

27   By:_____
                                                Chris Nathan, Deputy Clerk to the
28                                              Honorable MARIA-ELENA JAMES

                                               9