UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALFRED PANZER,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | Case No. 15-cv-01655-MEJ<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On April 10, 2015, Plaintiff filed a 96-page Complaint against at least 13 (but possibly more) defendants, "seeking declaratory, injunctive, and compensatory relief . . . as well as exemplary damages for their willful, malicious, fraudulent, grossly reckless, negligent acts, exacted on [him]." Compl., Dkt. No. 1. He stated that he brought this action "pursuant to the Fair Housing Act of 1968 as amended; the Equal Protection Clause of the Fourteenth Amendment to our United States Constitution; The State of California's Unruh Civil Rights Act of 1959; the Americans With Disabilities Act of 1990 as amended, The Plain Language Act of 2010 as its original language and added 'guidance,' suggests; and Title 42- The Public Health and Welfare Code§ 1983, 'Civil action for deprivation of rights,' as well as related federal and California laws."

On April 24, 2015, the Court granted Plaintiff's in forma pauperis application, but dismissed the Complaint with leave to amend, finding that he failed to identify each defendant he proposes to hold liable for each claim and failed to allege facts showing what each defendant did or failed to do in relation to each of those claims. Dkt. No. 8. The Court informed Plaintiff that he may properly join as many claims as he has against an opposing party in a single complaint, but unrelated claims against different defendants must be alleged in separate complaints. The Court

also informed Plaintiff that the allegations in his Complaint were so lengthy, repetitive, and unnecessarily detailed that it could not readily determine all of the injuries for which each defendant is allegedly liable.  The Court gave Plaintiff leave to file an amended complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible, and directed him to provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused his injuries.

On May 22, 2015, Plaintiff filed his Amended Complaint.  Rather than complying with the Court's directives, Plaintiff's Amended Complaint is longer than his original Complaint, with all claims alleged against 29 defendants.  Once again, while it is possible that Plaintiff may have one or more viable claims against some or all of the defendants, he has failed to identify each defendant he proposes to hold liable for each claim and has failed to allege facts showing what each defendant did or failed to do in relation to each of those claims.  Plaintiff merely alleges all claims against "All Defendants."

A plaintiff may properly join as many claims as he has against an opposing party in a single complaint (Fed. R. Civ. P. 18(a)), but unrelated claims against different defendants must be alleged in separate complaints.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way—that is, if there is not "similarity in the factual background."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  General allegations are not sufficient to constitute similarity when the specifics are different.  *Id.*  The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.

In this case, as with the initial Complaint, the Court is unable to determine which of the

claims Plaintiff may wish to keep and which he wants to omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing certain claims and defendants, the Court shall dismiss Plaintiff's Amended Complaint in its entirety with leave to file a second amended complaint. The amended complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and defendants. If it does not, Plaintiff is advised that this entire action <u>shall</u> be dismissed without prejudice.

Additionally, the allegations in the Amended Complaint are so lengthy, repetitive, and unnecessarily detailed that the Court cannot readily determine all of the injuries for which each defendant is allegedly liable. Plaintiff also fails to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, Plaintiff must link each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible. While Plaintiff must provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused his injuries. Plaintiff should state each claim separately, setting forth what occurred and the dates on which the events occurred. He must also identify each defendant he proposes to hold liable for each claim, and allege facts showing what each of those persons did or failed to do related to that claim.

Based on this analysis, the Court **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**. Consistent with the instructions in this Order, Plaintiff shall file any amended complaint by June 25, 2015. **<u>Plaintiff is advised that failure to file a Second Amended Complaint by June 25, 2015, that complies with the instructions in this Order and the April 24, 2015 Order shall result in dismissal of this case without leave to amend</u>**.

The Court advises Plaintiff that he may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to

3

1   speak with an attorney who may be able to provide basic legal help but not representation.  More
2   information is available online at: http://cand.uscourts.gov/helpcentersf.
3       Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants*
4   *Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case,
5   including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office
6   and online at: http://cand.uscourts.gov/prosehandbook.
7       **IT IS SO ORDERED.**

9   Dated: May 26, 2015

                                            _____
                                            MARIA-ELENA JAMES
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALFRED PANZER,<br><br>       Plaintiff,<br><br>   v.<br><br>THE UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et al.,<br><br>       Defendants. | Case No.  15-cv-01655-MEJ<br><br>**CERTIFICATE OF SERVICE** |

   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

   That on 5/26/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Alfred Panzer
1797 Shattuck Avenue
Apt #312
Berkeley, CA 94709

Dated: 5/26/2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Chris Nathan, Deputy Clerk to the
Honorable MARIA-ELENA JAMES

5