UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALFRED PANZER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-01655-MEJ<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

On April 10, 2015, Plaintiff filed a 96-page Complaint against at least 13 defendants, "seeking declaratory, injunctive, and compensatory relief . . . as well as exemplary damages for their willful, malicious, fraudulent, grossly reckless, negligent acts, exacted on [him]." Compl., Dkt. No. 1. He stated that he brought this action "pursuant to the Fair Housing Act of 1968 as amended; the Equal Protection Clause of the Fourteenth Amendment to our United States Constitution; The State of California's Unruh Civil Rights Act of 1959; the Americans With Disabilities Act of 1990 as amended, The Plain Language Act of 2010 as its original language and added 'guidance,' suggests; and Title 42- The Public Health and Welfare Code§ 1983, 'Civil action for deprivation of rights,' as well as related federal and California laws."

On April 24, 2015, the Court granted Plaintiff's in forma pauperis application, but dismissed the Complaint with leave to amend, finding that he failed to identify each defendant he proposes to hold liable for each claim and failed to allege facts showing what each defendant did or failed to do in relation to each of those claims. Dkt. No. 8. The Court informed Plaintiff that he may properly join as many claims as he has against an opposing party in a single complaint, but unrelated claims against different defendants must be alleged in separate complaints. The Court also informed Plaintiff that the allegations in his Complaint were so lengthy, repetitive, and

unnecessarily detailed that it could not readily determine all of the injuries for which each defendant is allegedly liable. The Court gave Plaintiff leave to file an amended complaint that linked each defendant to the alleged injury, or injuries, for which that defendant is alleged to be responsible, and directed him to provide a concise statement identifying each defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused his injuries.

On May 22, 2015, Plaintiff filed his Amended Complaint. Rather than complying with the Court's directives, Plaintiff's Amended Complaint was longer than his original Complaint and named additional Defendants. Dkt. No. 9. The Court dismissed the Amended Complaint with leave to file a second amended complaint, but warned him that the case would be dismissed with prejudice if he failed to comply with the Court's previous instructions. Dkt. No. 10.

On June 25, 2015, Plaintiff filed a Second Amended Complaint ("SAC"). The SAC is 127 pages long and appears to name at least 27, but possibly 29, Defendants. As with his initial and amended complaints, Plaintiff continues to bring multiple claims against seemingly unrelated parties and has failed to cure the deficiencies the Court previously identified.

A plaintiff may properly join as many claims as he has against an opposing party in a single complaint (Fed. R. Civ. P. 18(a)), but unrelated claims against different defendants must be alleged in separate complaints. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way—that is, if there is not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Despite previous instructions from the Court, Plaintiff fails to provide a simple, concise,

narrative that sets forth all of the injuries attributed to each individual defendant.  Although the Court has twice granted leave to amend and advised Plaintiff that unrelated claims against different defendants must be alleged in separate complaints, Plaintiff has more than doubled the number of Defendants and added over 30 pages to his allegations.  This is now the third time the Court has addressed these pleading deficiencies, and the Court previously advised Plaintiff that failure to file a Second Amended Complaint that complied with the Court's instructions "shall result in dismissal of this case without leave to amend." Dkt. No. 10 at 3.  Accordingly, because Plaintiff has continually failed to comply with the Court's orders, as well as the Federal Rules of Civil Procedure, the Court **DISMISSES** Plaintiff's Second Amended Complaint **WITHOUT LEAVE TO AMEND**.  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: June 29, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ALFRED PANZER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT, et al.,<br><br>　　　　Defendants. | Case No.　15-cv-01655-MEJ<br><br>**CERTIFICATE OF SERVICE** |

　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　That on 6/29/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Alfred Panzer
1797 Shattuck Avenue
Apt #312
Berkeley, CA 94709


Dated: 6/29/2015

　　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court


　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Chris Nathan, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable MARIA-ELENA JAMES